# Gibson *v.* Johnson, Appellant.

*Equity—Findings of fact—Evidence—Review.*

On a bill in equity for an accounting of royalties alleged to be due under a license agreement where the issue turns upon an alleged oral agreement set up as a defense, a finding of the chancellor based upon sufficient evidence that no such oral agreement existed, will not be reversed by the appellate court in the absence of manifest error.

Argued Jan. 9, 1912. Appeal, No. 279, Jan. T., 1911, by defendant from decree of C. P. No. 4, Phila. Co., March T., 1909, No. 4179, on bill in equity in case of Robert L. Gibson v. Eldridge R. Johnson. Before BROWN, MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill in equity for an accounting of royalties. Before AUDENRIED, J.

The opinion of the Supreme Court states the case.

*Error assigned* was decree awarding an accounting.

*John G. Johnson,* with him *Horace Pettit,* for appellant.

*Ernest Howard Hunter,* for appellee.

PER CURIAM, February 19, 1912:

By the terms of his written agreement of June 14, 1901, with Jones and Gibson, the appellant is liable for the royalties claimed by the appellee. To relieve himself from this liability he averred, in the fourteenth paragraph of his answer, that Gibson, on behalf of himself and Jones, when he executed the contract of August 5, 1903, with The Gramophone & Typewriter Limited, granted it "a license to have the said sound

boxes, the subject matter of said agreement, manufactured as theretofore, in the United States by the said Victor Talking Machine Company, at Camden, New Jersey, free of all royalty, and without any further consideration, or royalty whatsoever." The finding of the learned chancellor below is that this averment was not established by the evidence; that there was no oral contract for such a release of royalties by Jones and Gibson, and that no such release appears in either the written contract itself or in the letter of Trevor Williams, managing director of The Gramophone & Typewriter Limited, to J. Broad, of Cheston & Sons, its solicitors, dated July 30, 1903, giving instructions upon the basis of which the agreement of August 5, 1903, was prepared. After reviewing all the evidence in the case, we have not been persuaded that error was committed by the court below in failing to find the essential fact averred and relied upon by the appellant, and the decree is, therefore, affirmed with costs.